# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Michael Mediz,<br><br>  Petitioner,<br><br>v.<br><br>Attorney General of the State of Arizona, et al.,<br><br>  Respondents. | No. CV-17-00407-TUC-RM<br><br>**ORDER** |

On August 7, 2019, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") recommending that this Court dismiss Petitioner Scott Mediz's Petition for Writ of Habeas Corpus brought under 28 U.S.C. § 2254. (Doc. 28). Petitioner Mediz filed Objections to the R&R (Doc. 29), and the Government responded (Doc. 30). For the following reasons, Petitioner's Objections will be overruled, the R&R will be adopted in full, and the Petition (Doc. 28) will be dismissed.

**I.  Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part," a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

**II.     Background**

    **A.     Factual and Procedural Background**

Petitioner was found guilty of kidnapping and first-degree murder by a jury in Pima County Superior Court. (Doc. 10, Ex. L.) Petitioner was sentenced to natural life in prison on the first-degree murder charge and a concurrent 15.75-year term for the kidnapping charge. (Doc. 10, Ex. S.) The convictions were based on evidence that Petitioner lured his victim to his house, severely beat him, wrapped him in a sheet and placed him in the back of a hatchback, and that the victim died as a result of the beating and asphyxiation from being in the back of the vehicle. (Doc. 10, Exs. F, G, H.)

After Petitioner was convicted, his trial counsel, Joel Feinman, filed a Motion to Vacate Judgment. (Doc. 10, Ex. T.) Petitioner argued that he had newly-discovered evidence in the form of an affidavit from a prisoner named Darren Goldin. (*Id.*) The affidavit alleged that Goldin overheard fellow-prisoners Christopher Brugada and Alvin McBridge conspiring to coordinate testimony adverse to Petitioner. (Doc. 10, Exs. U, V.) The trial court held a hearing on Petitioner's Motion and ultimately denied it on July 5, 2013. (Doc. 10, Exs. CC, DD.) The court found that Goldin's allegation was not newly discovered and would not have been sufficient to undermine the jury's verdict even if it had been newly discovered. (Doc. 10, Exs. Z, CC, DD.)

Petitioner sought review in the Arizona Court of Appeals. (Doc. 10, Ex. EE.) First, Petitioner argued that the trial court erred by failing to preclude photographs of Petitioner's "White Power" and other racist tattoos, and that the introduction of these photographs was prejudicial. (*Id.*) Second, Petitioner argued that the trial court abused its

discretion by failing to grant Petitioner's Motion to Vacate on the basis of the Goldin affidavit. (*Id.*) The Court of Appeals affirmed Petitioner's conviction. (Doc. 10, Ex. HH.) The Arizona Supreme Court denied review on April 21, 2015. (Doc. 22, Ex. 4.)

On May 14, 2015 Petitioner filed a Petition for Post-Conviction Relief ("PCR") under Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 10, Ex. II.) Petitioner argued that his trial counsel provided ineffective assistance of counsel by failing to seek a court order to depose or timely request to take the deposition of inmate Goldin. (Doc. 10, Ex. JJ.) The trial court denied the PCR. (Doc. 10, Ex. MM.) The Arizona Court of Appeals granted review but denied relief (Doc. 10, Exs. NN, PP), and the Arizona Supreme Court denied review on September 30, 2016. (Doc. 22, Exs. 10, 11).

**B.     The Petition**

Petitioner filed his Amended Petition for Writ of Habeas Corpus on March 23, 2018. (Doc. 22.) Petitioner raised two claims of ineffective assistance of counsel ("IAC"). (*Id.*) First, he alleged trial counsel provided IAC by failing to ensure that the state was precluded from introducing photographs of Petitioner's racist tattoos at trial ("Claim 1A"). (*Id.*) Second, he alleged trial counsel provided IAC by failing to investigate what inmate Darren Goldin reported about other inmates allegedly colluding with each other to testify against Petitioner ("Claim 1B"). (*Id.*) Petitioner also raised a claim that the trial court failed to preserve Petitioner's due process rights when it denied Petitioner's Motion to Vacate Judgment without granting a hearing ("Claim 2"). (*Id.*)

**C.     The R&R**

Magistrate Judge Markovich found that Claim 1A and Claim 2 were procedurally defaulted and barred from habeas review. (Doc. 28.) Judge Markovich also found that Petitioner did not demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default of his claims. (*Id.*) Judge Markovich addressed Petitioner's Claim 1B on the merits and found Petitioner could show neither that his attorney rendered deficient performance, nor that Petitioner was prejudiced by any IAC. (*Id.*)

### D. Petitioner's Objections

Petitioner objects that Claim 1A and Claim 2 are not procedurally defaulted. (Doc. 29.) Petitioner argues that Claim 1A, which alleges that Petitioner's trial counsel provided IAC by not preserving an objection to the introduction of pictures of Petitioner's tattoos, is not procedurally defaulted because the issue was in fact raised on direct appeal. (*Id.*) Petitioner argues that Judge Markovich erred in finding that Claim 1B failed on the merits. (*Id.*) Finally, Petitioner argues that Claim 2 is not procedurally defaulted.

## III. Discussion

### A. Ineffective Assistance Claims

#### 1. Claim 1A – Photographs of Petitioner's Tattoos

Petitioner's first IAC claim is that his trial counsel was ineffective by failing to preserve an objection to the introduction of photographs of Petitioner's "White Power" and other racist tattoos. (Doc. 22.) Judge Markovich found that this claim was procedurally defaulted because it was not raised in Petitioner's Rule 32 petition for PCR. (Doc. 28.) The Rule 32 petition raised only an IAC claim regarding the Goldin affidavit. (Doc. 10, Ex. JJ.) Petitioner argues in his Objections that this claim was properly raised on direct appeal. (Doc. 29.) A review of the record, however, makes clear that Petitioner argued on appeal that *the Court* had erred in denying his Motion to Vacate on the basis of the Goldin affidavit, but did not argue that his attorney was ineffective.[1] A claim that a petitioner does not first "fairly present" to the state courts is procedurally barred from federal habeas review. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Petitioner failed to present his IAC claim regarding photographs to the state courts. He would now be precluded from doing so now by Arizona Rules of Criminal Procedure regarding

---

[1] Even if Petitioner had brought his IAC claim on direct review, his claim would still be procedurally barred. Ineffective assistance of counsel claims must be brought under Rule 32 in Arizona rather than on direct review. *See State v. Spreitz*, 39 P.3d 525, 527 (Ariz. 2002). Where a state mandates a particular procedure for raising a particular claim, exhaustion is not satisfied even if the petitioner raises the claim through an alternative procedures. *See Kellotat*, 719 F.2d 1027, 1030 (9th Cir. 1983) (holding that petitioner failed to exhaust state remedies in Oregon by raising improper denial of appointment of appellate counsel on direct appeal instead of in post-conviction proceedings).

timeliness and preclusion. *See* Ariz. R. Crim. P. 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), and 32.4(a)(3) (time bar). As Petitioner did not fairly present his photograph IAC claim to the state courts, and would now be precluded from doing so, the Court will adopt Judge Markovich's recommendation that this claim is procedurally barred from federal habeas review.

### 2. Claim 1B – Darren Goldin

Petitioner's second IAC claim is that his trial counsel knew that a fellow prisoner, Darren Goldin, claimed to have overheard two men planning to coordinate testimony against Petitioner, but trial counsel did not follow-up. (Doc. 22.) Judge Markovich found that Petitioner had properly exhausted his argument in the state courts and considered the argument on its merits. (Doc. 28.) Judge Markovich found that Petitioner had failed to carry his burden of demonstrating that the state court decisions denying Petitioner's PCR applied the two-step analysis mandated by *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984) in an objectively unreasonable manner. (*Id.*)

Judge Markovich first found that Petitioner's trial counsel's decision not to further investigate Goldin could be considered sound trial strategy rather than IAC. (Doc. 28.) First, trial counsel testified that Goldin's attorney informed him that Goldin "was delusional and thinks he knows things that are not." (*Id.*) Second, trial counsel was reasonably concerned that Goldin could also present testimony damaging to Petitioner's case. (*Id.*) Third, trial counsel also explained that the information from Goldin was not material to Petitioner's defense strategy, which was to argue that Petitioner lacked the requisite mens rea for first- or second-degree murder. (*Id.*) Judge Markovich then found that, even if trial counsel had rendered deficient performance, Petitioner had failed to demonstrate prejudice given the overwhelming evidence that Petitioner had committed this crime. (*Id.*)

In his Objections, Petitioner argues that if Goldin's testimony had been introduced at trial, that it would have substantially undermined the State's case against Petitioner. (Doc. 29.) Petitioner also maintains that the evidence produced by Mr. Goldin "was

substantiated by other evidence and totally undercut the State's case." (Doc. 29.) Petitioner also states that the Magistrate "did not consider how the evidence would have impacted on the jury's credibility determination relative to the State's cooperating witness." (Doc. 29.) Furthermore, Petitioner argues, the Magistrate "overlooked the critical fact that the victim was not dead at the time he was placed in the car's trunk," which would have "at the very least, negated the element of premeditation, but likely would have resulted with the jury considering a mental state of recklessness." (Doc. 29.)

With respect to trial counsel's alleged deficient performance, the Court adopts Magistrate Judge Markovich's conclusion that Petitioner has failed to present sufficient evidence. To establish deficient performance, Petitioner must show that "counsel made errors so serious . . . that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *Strickland*, 466 U.S. at 687–688. In considering this factor, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690. The Ninth Circuit "h[as] explained that '[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation.'" *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998), *overruling on other grounds recognized by Apelt v. Ryan*, 878 F.3d 800, 827 (9th Cir. 2017).

Here, Petitioner's trial counsel presented three plausible reasons why he did not investigate Goldin. He had been informed by Goldin's attorney that Goldin was delusional; he was concerned that Goldin would make statements adverse to Petitioner; and Goldin's testimony did not support Petitioner's defense strategy. Petitioner's Objections do not cast doubt on any of these justifications. This Court must "strongly presume[]" that trial counsel rendered adequate assistance, and absent evidence to the contrary, this Court cannot conclude that the state courts' application of the Strickland standard to the facts of this case was objectively unreasonable. *Strickland,* 466 U.S. at 690.

The Court also adopts Magistrate Judge Markovich's conclusion that, even if trial counsel had rendered deficient performance, Petitioner nonetheless failed to demonstrate prejudice as required by the *Strickland* standard. (Doc. 28.) Even if the jury had known that two witnesses were accused of colluding to falsely testify that Petitioner had the intent to kill his victim and dump the body in the desert, this would be unlikely to have changed the outcome because these two witnesses actually testified inconsistently with each other. (*Compare* Doc. 10, Ex. H at 32-33 with Ex. J at 25, 68.) Moreover, the credibility of each witness was already in doubt because each admitted to agreeing to cooperate with Petitioner's prosecution in order to receive leniency in their own criminal cases. (Doc. 10, Ex. H at 96; Ex. J at 27, 43.) Finally, given the overwhelming corroborating evidence of Petitioner's guilt, he has not demonstrated that he could have been prejudiced by any IAC.

Accordingly, the Court adopts Magistrate Judge Markovich's conclusion that Petitioner's Claim 1B must be denied on its merits.

### B. Claim 2 – Violations of Constitutional Rights by State Courts

Petitioner's second ground for relief argues that the trial court violated his due process rights by finding insufficient evidence to grant Petitioner's Motion to Vacate Judgment, by denying Petitioner's PCR without holding a hearing, and by unreasonably applying federal constitutional law. (Doc. 22.) Judge Markovich found that this claim was procedurally defaulted because none of these federal constitutional claims were fairly presented to the state courts. (Doc. 28.) Petitioner argues in his Objections that his constitutional claims were properly presented to the state courts through citation to *Davis v. Alaska,* 415 U.S 308 (1974), a case dealing with a federal constitutional claim that a defendant was deprived of his right to confront witnesses. (Doc. 29.)

In order to "fairly present" a claim to the state courts, a petitioner must describe both the operative facts and the federal legal theory to the state courts so as to give the state courts an "opportunity" to correct any alleged violation of constitutional rights. *See Baldwin v. Reese*, 541 U.S. at 29. It is not enough that the facts are before the state courts

or that a similar state law claim is raised. *Id.* Rather, a petitioner must present his "claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Id.*

Here, as Judge Markovich correctly found, Petitioner framed his claim as a state law issue, arguing that the evidence he presented met the requirements for "newly discovered material facts" under Ariz. R. Crim. P. 32.1. (*See* Doc. 10, Ex. EE at 26.) Petitioner cited *Davis v. Alaska* not in support of a federal constitutional claim, but rather to support his argument that the newly discovered evidence would have changed the verdict. (*Id.*) Petitioner's citation to *Davis* therefore did not constitute a fair presentation of his claim sufficient to put the state courts on notice and provide them an opportunity to correct any error. As Petitioner failed to fairly present his argument to the state courts, Claim 2 is procedurally barred.

Accordingly,

**IT IS ORDERED** that Petitioner's Objection (Doc. 29) is **overruled**, and Judge Markovich's Report and Recommendation (Doc. 28) is **accepted and adopted**.

**IT IS FURTHER ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 22) is **dismissed**. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 26th day of February, 2020.

_____
Honorable Rosemary Márquez
United States District Judge